IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MELVIN EARL WILLIAMS, JR. | § § § | |
| Plaintiff, | § § § | CIVIL ACTION NO. 4:17-CV-811 |
| v. | § § | JURY TRIAL DEMANDED |
| THE CITY OF DENTON, TEXAS, APRIL DAWN MCDONOUGH, KEITH D. MARTIN AND DENTON COUNTY, TEXAS | § § § § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Melvin Earl Williams, Jr. and complaining of Defendants, the CITY OF DENTON, Texas (the "City of Denton"), April Dawn McDonough ("McDonough") and Keith D. Martin ("Martin"), individually and in their official capacity as Denton police officers, and Denton County, Texas (the "County"), and for cause would show the Honorable Court as follow:

## NATURE OF THE ACTION

1. This is an action brought by the Plaintiff against The CITY OF DENTON, McDonough and Martin for their use of excessive force resulting in the injuries sustained by Melvin Earl Williams, Jr. ("Williams") under the color of law in violation of his individual rights under the Fourth and Eighth Amendments of the United States Constitution and in violation of his civil rights pursuant to 42 U.S.C. § 1983 and Denton County, Texas, specifically the Denton County Detention Center for its failure to render medical aid and attention to Williams despite the need to do so, which amounts to cruel and unusual punishment in violation in of his individual rights under the Eight and Fourteenth Amendments of the United States Constitution.

2. Plaintiff alleges that the Denton City Council, City Manager, Todd Hileman ("Hileman"), who is the chief executive officer for the City and the head of the administrative branch of the city government and is responsible to the council for the proper administration of all affairs of the city placed under his control by the Denton City Charter or by ordinance or resolution of the council and the City's Chief of Police, Lee Howell ("Howell"), delegated with authority for setting policies, including training of the Denton Police Officers, had a duty, but failed to implement and/or enforce policies, practices and procedures for the Denton Police Department ("DPD") that respected Williams's constitutional rights to protection under the law. The duty to manage and train Denton Police Officers was delegated to Chief Howell by the Denton City Council and Hileman.  The Denton City Council, Hileman and Chief Howell's failure to implement the necessary policies and the implementation of unconstitutional policies deprived Williams of due process under the Fourth Amendment and caused his unwarranted and excruciating physical and mental anguish and injuries.

3. Plaintiff further alleges that Denton County, Texas ("Menard County") and its policymakers, specifically County Judge Mary Horn ("Horn") and the Denton County Commissioners (collectively referred herein as the "Policymakers") failed to properly supervise, screen, discipline, transfer, counsel or otherwise control its jailers and/or employees who are known, or who should have been known, to provide inadequate and/or delayed medical treatment to inmates.  The Policymakers, specifically Judge Horn, along with the Denton County Commissioners, had a duty, but failed to implement and/or enforce policies, practices and procedures for the County employees that respected Melvin Williams's constitutional rights. Defendant Denton County and its Policymakers, specifically Judge Horn, along with the Denton County Commissioners, failure to implement the necessary policies and the implementation of

unconstitutional policies caused Williams's unwarranted and excruciating physical pain and suffering and mental anguish.  For these civil rights violations and other causes of action discussed herein, Plaintiff seeks answers and compensation for damages.

## PARTIES

4. Plaintiff, Melvin Earl Williams, Jr. is a citizen of the United States and a resident of Denton County, Texas.

5. Defendant, the CITY OF DENTON is a municipality located in Denton County, Texas. The CITY OF DENTON operates the DPD.  The CITY OF DENTON funds and operates the DPD, which, along with the Denton City Council, City Manager Hileman and Chief Howell are responsible for the implementation of the police department's budget, policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit.  The CITY OF DENTON Police Department is also responsible for preventive, investigative, and enforcement services for all citizens of The CITY OF DENTON. The CITY OF DENTON may be served with citation herein by and through its agent for service of process, Aaron Leal, City Attorney, City Attorney's Office, 215 E. McKinney St., Suite 500, Denton, TX 76201.

6. Defendant April Dawn McDonough, upon information and belief, is a resident of Denton County, Texas, and at all times material herein was an officer for the DPD.  Defendant McDonough may be served with citation at the Denton Police Department, 601 E. Hickory #E, Denton, Texas 76205 or wherever she may be found.

7. Defendant Keith D. Martin, upon information and belief, is a resident of Denton County, Texas, and at all times material herein was an officer for the DPD.  Defendant Martin may be served with citation at the Denton Police Department, 601 E. Hickory #E, Denton, Texas

76205 or wherever he may be found.

8. Defendant Denton County, Texas' county seat is located in Denton, Texas. Denton County funds and operates the Denton County Detention Center, and Judge Horn, as the county judge, is considered the chief executive officer of the county, presiding over the Commissioners Court and the County Court. The Commissioners Court has financial responsibility for the county. Denton County may be served with citation herein by and through its agent for service of process, Judge Mary Horn, 110 W. Hickory Street, Second Floor, Denton, Texas 76201.

## JURISDICTION AND VENUE

9. Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the Fourth, Eight and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983, to redress the deprivation of rights, privileges and immunities guaranteed to Plaintiff by constitutional and statutory provisions.

10. Venue is proper in this court because the causes of action occurred within the Eastern District of Texas, Sherman Division.

## FACTS

11. On or about November 21, 2015, Williams and his girlfriend were spending personal time together when they got into an argument over a disagreement. At one point the argument allegedly became heated so Williams's girlfriend made a decision to leave her house. Williams was unaware that his girlfriend was going to the Denton Police Department to report the incident.

12. After reporting the incident to the Denton Police Department, Defendant McDonough followed Williams's girlfriend back to her home so that she could retrieve some

personal items to stay overnight elsewhere. Upon arriving to her home, Williams's girlfriend parked her car in the driveway and waited for Defendant McDonough to arrive. Shortly thereafter, Defendants McDonough and Martin both arrived and were talking to Williams's girlfriend when Williams walked to the front of the house to find out why the Defendant officers were there.

13. Williams was not harming anyone nor did he make any threatening gestures toward the Defendant officers or any other person. As soon as Williams got near the area where the Defendant Officers were standing he was ordered to freeze and was told he was under arrest. Williams fully complied with the commands and did not attempt to run away. Williams was caught off guard by the actions and the aggression of the Defendant Officers and was confused as to why he was being arrested.

14. Defendant McDonough commanded Williams to get on the ground and at that point Williams asked her "what for, I don't have any warrants" Williams continued to ask the Defendant Officers why he was being commanded to get on the ground when Defendant Martin grabbed him and started to place handcuffs on Williams. Williams continued to ask Defendant Martin why he was arresting him and noticed that Defendant McDonough had her taser out and pointed directly at his face. Suddenly and without warning, Defendant McDonough fired her taser, striking Williams in the chest. The impact of the taser caused Williams to become disoriented and in pain. Defendant McDonough tazed Williams a second time for no lawful reason, this time striking Williams in the left eye.

15. Williams, in unbearable pain, screamed at the top of his lungs "my eye… my eye.. baby they shot me in my eye.. my eye. Help me, Please.. please please help me." Williams continued to scream from the pain of having a taser dart stuck to his left eye. Williams was

begging for help but the Defendant officers instructed Williams's girlfriend not to assist him.

16. A Denton police officer at the scene told Williams' girlfriend that that it was pretty safe to assume that Williams was going to go blind in that eye after what happened. Such force by the Defendant officers was excessive and was not necessary. The force applied by the Defendant Officers was not in a good faith effort to maintain or restore discipline but for the very purpose of causing harm to Williams. Moreover, the acts of the Defendant officers amount to an excessive and/or unnecessary use of force. Said excessive and unnecessary use of force was objectively unreasonable as no reasonable police officer and/or law enforcement officer given the same or similar circumstances would have initiated such a brutal and life threatening attack on any person in the position of Williams.

17. Williams, in severe pain from the taser being attached to his left eye, was transported by ambulance to the Denton Regional Medical Center. The injury to Williams's eye was so severe that Denton Regional Medical Center transferred Williams to Parkland Hospital. Williams was hospitalized at Parkland for almost one week where he went underwent a couple of major surgeries in an attempt to save his left eye and ease some of the pain he was experiencing. Additionally, Williams sustained a displaced fracture of his nasal bone, laceration to his eye and Williams experienced an irregular heartbeat. Williams was transferred to the Dallas County Jail but was later released to the Denton County Detention Center (the "Detention Center"). The Detention Center was instructed to send Williams to Parkland for further treatment but refused to do so. Williams complained daily that he was in severe pain and could barely open his eyes due to an infection but his pleas were ignored. Employees of the Detention Center failed to provide Williams with proper medical attention and allowed him to suffer despite receiving a number of

requests from Williams' attorney to allow him to receive treatment. Williams's left eye worsen as a result of the delay in receiving medical treatment.

18. The U.S. Supreme Court has consistently stated for some time that there is an obligation to provide adequate medical care to detainees and prisoners. The source of that obligation stems from the Eighth Amendment to the U.S. Constitution, and its prohibition on "cruel and unusual As a result of these cruel and unusual treatment, Williams experienced weeks of severe and excruciating pain and also suffered from post-traumatic stress. As a result of the Defendant officers' use of excessive force and Denton County's failure to render proper medical aid and attention to Williams, he is now blind in the left eye.

19. Defendants, the CITY OF DENTON, DPD and Denton County have a longstanding record of not providing their employees with adequate training and not preventing excessive force by Denton Police officers.

20. There is no evidence that Defendants McDonough, Martin or anyone else were placed in fear of imminent harm or danger. There were no struggles or active resistance by Williams that would indicate that the use of excessive force was justified. Tasing a person in the eye is known to cause harm and serious bodily injury, for which it did.

21. Defendants McDonough and Martin's unlawful and unwarranted acts, lack of training and the official customs or policies of the DPD caused Plaintiff's injuries.

22. Plaintiff would show that Defendants McDonough and Martin's actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures of the DPD in regards to the use of excessive force for which The CITY OF DENTON, the City Council, City Manager Hileman and Chief Howell knew or should have known but never provided the requisite and proper training.

23. Moreover, no reasonably competent official would have concluded that the actions of Defendants McDonough and Martin described herein would not violate Plaintiff's constitutional rights. In other words, no reasonably prudent police officer under similar circumstances could have believed that the Defendants McDonough and Martin's conduct was justified. Further, Denton County's failure to render medical aid and refusal and/or delay in seeking the proper medical aid and attention for Williams amounted to cruel and unusual punishment in violation of the Eight Amendment to the United States Constitution.

24. As a direct and proximate result of the Defendants' conduct, Plaintiff has sustained substantial damages and pecuniary loss, including a displaced fracture of his nasal bone, laceration to his eye, loss of vision in his left eye and an irregular heartbeat. For these losses, Williams seeks damages in a sum in excess of the minimum jurisdictional limits of the court.

### EXCESSIVE FORCE (Individually and in their official capacity)
### COUNT I-42 U.S.C. § 1983

25. Plaintiff incorporates by reference paragraphs 1 through 24 as if fully set forth herein. Plaintiff would show that Defendants McDonough and Martin's actions on the occasion in question were excessive and wrongful in depriving him of his constitutional rights, as alleged more fully below.

26. Plaintiff would show that at all times material hereto, Defendants McDonough and Martin had a duty to avoid infliction of unjustified bodily injury to him, to protect his bodily integrity and to not trample on his constitutional rights, including the right to be free from the use of excessive force.

27. Plaintiff would show that Defendants McDonough and Martin failed to act as a reasonable officer would have acted in the same or similar circumstances. That is, Defendants McDonough and Martin, without justification and the need to do so, deployed a taser, striking Williams in the left eye. Williams was not attempting to harm or attack anyone when the Defendant officers made the decision to taze Williams in the eye with a taser. The Defendant Officers' use of excessive force resulted in Williams's permanent loss of vision in his left eye.

28. The excessive force used by Defendants McDonough and Martin was not reasonable, justified nor was it necessary under the circumstances. Defendants McDonough and Martin's actions were not objectively reasonable because they followed a procedure designed to inflict excessive force and bodily injuries in restraining individuals in a non-life threatening situation.

29. Plaintiff would show that Defendants McDonough and Martin denied him his right to be free from the use of excessive force and a deprivation of his rights without due process of law, in violation of the Fourth Amendment to the United States Constitution. Plaintiff would show that Defendant Porter was acting within custom, policy, practice and/or procedure of the DPD in regards to the use of excessive force as authorized and/or ratified by the Denton City Council, City Manager Hileman and Chief Howell at the time of the incident. Plaintiff would further show that as a result of these violations of his rights, he's suffered damages within the jurisdictional limits of this court.

30. Plaintiff further alleges, inter alia:

- A continuing and pervasive pattern of civil rights abuses by the City police officers against persons who live within the city.

- The deliberate indifference of the City in failing to adequately train, supervise and discipline police officers.

- Policies, practices and customs of the City, that allowed the individual Defendant to use excessive force against citizens, and to subject persons to outrageous, unreasonable and inhuman treatment that leads to serious injury and often time death.

- The unlawful use of a taser by police officers.

- The Defendant Officers' failure to de-escalate the incident in question.

31. The force used by Defendants McDonough and Martin was unnecessary and unreasonable under the circumstances, as Williams, who was not attempting harm anyone and simply asking why he was being arrested, did not require the use of such excessive force.

32. As a direct and proximate cause of the incident as set forth herein, Plaintiff incurred extreme pain and injuries for which he seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## FAILURE TO TRAIN
## COUNT II 42 U.S.C. § 1983

33. Plaintiff incorporates by reference paragraphs 1 through 32 as if fully set forth herein.

34. Defendant McDonough, assisted by Martin, acting under color of law and pursuant to customs, practices and policies of The CITY OF DENTON and the DPD in regards to the use of excessive force as authorized and/or ratified by the Denton City Council, City Manager Hileman and Chief Howell, deprived Williams of rights and privileges secured to him by the Fourth Amendment to the United States Constitution and by other laws of the United States, by failing to provide proper training in the use of excessive force in violation of 42 U.S.C. § 1983 and related provisions of federal law and in violation of the above cited constitutional provisions. The Denton City Council, City Manager Hileman and Chief Howell deliberate

indifference in failing to train based on the obviousness of the need for training has resulted in the use of excessive force involving unarmed individuals.

35. Defendant Denton County failed to provide its employees at the Denton County Detention Center with the proper training required to provide detainees with proper medical treatment. Denton County's failure to provide adequate training to its employees regarding the proper medical treatment administered and/or attention given to injured detainees reflects deliberate indifference by Judge Horn and reckless and conscious disregard for the obvious risk that made the violations of Plaintiff's constitutional rights, a reasonable probability.

36. With respect to the claims made the basis of this lawsuit, The CITY OF DENTON and the DPD failed to adequately train its employees regarding the proper use of a taser and the use of excessive force. This failure to train its employees in a relevant respect reflects a deliberate indifference to the Denton City Council, City Manager Hileman and Chief Howell to the rights of the city's inhabitants and is actionable under 42 U.S.C. § 1983.

37. Defendant The CITY OF DENTON and DPD under the direction of the Denton City Council, City Manager Hileman and Chief Howell developed and maintained a policy of deficient training of its police force in the use of force, including the use of excessive force in the apprehension of individuals. The CITY OF DENTON's training is designed and implemented by Chief Howell to act in this regard. The actual practice or custom of the DPD regarding the arrest of individuals is to use whatever force even if the force is excessive.

38. The CITY OF DENTON and the DPD's' failure to provide adequate training to its officers regarding the proper use of a taser and the use of excessive force reflect deliberate indifference by the Denton City Council, City Manager Hileman and Chief Howell and reckless

and conscious disregard for the obvious risk that officers would use excessive force on citizens and made the violations of Plaintiff's constitutional rights, a reasonable probability.

39. Plaintiff would show that Defendant McDonough, assisted by Martin, actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures for which the Denton City Council, City Manager Hileman and Chief Howell knew or should have known but never provided the requisite and proper training.

40. On information and belief, the Denton City Council, City Manager Hileman and Chief Howell, acting through official policies, practices, and customs, and with deliberate, callous, and conscious indifference to the constitutional rights of Plaintiff failed to implement the policies, procedures; and practices necessary to provide constitutionally adequate protection and assistance to Williams during his struggle to survive and implemented policies, procedures, and practices which actually interfered with or prevented Plaintiff from receiving the protection, assistance and care he deserved.

41. The Denton City Council, City Manager Hileman and Chief Howell as applicable, failed and refused to implement customs, policies, practices or procedures, and failed to train its personnel adequately on the appropriate policies, practices or procedures regarding the proper use of a taser and the use of excessive force. In so doing, Defendant the CITY OF DENTON knew that it was acting against the clear dictates of current law, and knew that as a direct consequence of their deliberate decisions, the very situation that occurred -- *i.e.*, Plaintiff's injuries -- in all reasonable probability would occur.

42. Furthermore, unlike what Defendants McDonough and Martin did, no reasonably prudent police officer, under similar circumstances, would have used excessive force to arrest Williams. Moreover, no reasonably competent official would have concluded that the actions of

The CITY OF DENTON and Defendants McDonough and Martin described herein would not violate Plaintiff's rights. In other words, no reasonably officer, under similar circumstances, could have believed that their conduct was justified.

43. The CITY OF DENTON and the DPD's failure to properly train its police officers regarding the proper use of a taser and the use of excessive force under the authority of the Denton City Council, City Manager Hileman and Chief Howell was the proximate cause of the violations of Plaintiffs' constitutional rights.

44. As a direct and proximate cause of the incident as set forth herein, Plaintiff incurred extreme pain and injuries for which he seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## FAILURE TO RENDER AID AND MEDICAL TREATMENT
## COUNT III

45. Plaintiff incorporates by reference paragraphs 1 through 44 as if fully set forth herein. Plaintiff would show that Defendant Denton County's actions on the occasion in question were wrongful in depriving him of his constitutional rights, as alleged more fully below.

46. Plaintiff would show that at all times material hereto, Defendant Denton County was aware that Williams had suffered a serious injury to his left eye that required daily medical treatment. Denton County and its employees knew of Williams' medical need but failed to and/or refused to provide Williams with the required care. Denton County's failure to provide Williams with the required medical treatment led to the loss of vision in Williams's left eye.

47. Defendant Denton County and its employees knew of the risk of harm that they were enhancing by failing to provide medical treatment and/or by delaying such treatment.

48. Defendant Denton County's delay in providing medical treatment reflects deliberate indifference by Judge Horn and reckless and conscious disregard for the obvious risk that made the violations of Plaintiff's constitutional rights, a reasonable probability.

49. As a direct and proximate cause of the incident as set forth herein, Plaintiff incurred extreme pain and injuries for which he seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## GROSS NEGLIGENCE
## COUNT IV

50. Plaintiff incorporates by reference paragraphs 1 through 49 as if fully set forth herein.

51. Defendants McDonough and Martin had a duty to employ only reasonable measures in the treatment of Williams.

52. Notwithstanding said duties, Defendants McDonough and Martin acted in a wanton and willful manner, exhibiting such carelessness and recklessness as to evince a conscious disregard for the life and safety of Williams.

53. Defendants McDonough knew or should have known that her course of action of in drawing her taser and firing it at Williams' head would place him in grave danger of serious injury, which it did.

54. As a direct and proximate result of the gross negligence of Defendants McDonough and Martin, Plaintiff has suffered damages.

## FAILURE TO ADEQUATELY SUPERVISE AND/OR DISCIPLINE AND RATIFICATION CLAIM
## COUNT V

55. Plaintiff incorporates by reference paragraphs 1 through 54 as if fully set forth herein.

56. On Plaintiff's governmental liability claim against the City of Denton for failing to supervise or discipline its officers for prior violations and the resulting lack of supervision:

    a. the City of Denton failed to adequately supervise and/or discipline its employees in handling usual and recurring situations with which they deal;

    b. the City of Denton was deliberately indifferent to the need to supervise and/or discipline its officers and/or employees adequately; and

    c. the failure to adequately supervise and/or discipline its officers proximately caused the deprivation of Williams's constitutional rights.

57. The Denton City Council, City Manager Hileman and Chief Howell ratified the unconstitutional conduct of McDonough and Martin although they knew it to be unconstitutional.

58. As a direct and proximate result of the City of Denton's failure to adequately supervise or discipline its officers, Plaintiff has suffered damages.

## DAMAGES ALL DEFENDANTS
## COUNT VI

59. Plaintiff incorporates by reference paragraphs 1 through 58 as if fully set forth herein. Defendants' acts and/or omissions were a proximate cause of the following injuries suffered by Plaintiff:

      a. Actual damages;

      b. Loss of wages;

      c. Pain and suffering and mental anguish;

      d. Mental anguish and emotional distress suffered by Plaintiff;

      e. Loss of quality of life;

      f. Disfigurement;

      g. Exemplary and punitive damages against Defendants McDonough and Martin;

      h. Pursuant to 42 U.S.C. §1988, and other applicable laws, Plaintiff should be awarded reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required;

      i. Prejudgment interest; and

      j. Post judgment interest.

60.    Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of the court.

## COSTS AND ATTORNEY FEES

61.     Plaintiff incorporates by reference paragraphs 1 through 60 as if fully set forth herein.  Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b).  As such, Plaintiff requests the Court to award costs and attorney fees incurred in Plaintiff's prosecution of this litigation.

## CONDITIONS PRECEDENT

62.     Plaintiff reserves his rights to plead and prove the damages to which he is entitled to at the time of trial.  All conditions to Plaintiff's recovery have been performed or have occurred.

## TRIAL BY JURY

63.     Plaintiff has paid a jury fee and demands trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiff has and recover judgment from Defendants; actual damages, exemplary damages, pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; and such other and further relief, both general and special, at law and in equity, to which Plaintiff may show he is justly entitled.

Respectfully submitted,

By: /s/ Daryl K. Washington
DARYL K. WASHINGTON
State Bar No. 24013714
**WASHINGTON LAW FIRM, P.C.**
325 N. St. Paul St., Suite 3950
Dallas, Texas 75201
214 880-4883
214-751-6685 - fax

**ATTORNEYS FOR PLAINTIFF**