IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MELVIN EARL WILLIAMS, JR., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.: 4:17-cv-00811-ALM-KPJ |
| THE CITY OF DENTON, TEXAS, APRIL DAWN MCDONOUGH, KEITH D. MARTIN, and DENTON COUNTY, TEXAS, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Melvin Earl Williams, Jr.'s ("Plaintiff") Opposed Motion for Leave to Amend Complaint to Substitute Defendants (the "Motion for Leave") (Dkt. 43). The Motion for Leave seeks to make three significant changes: (1) remove Defendant Keith D. Martin ("Martin") from the suit; (2) amend allegations previously made against April Dawn McDonough ("McDonough"); and (3) add Officer M. McGuire (Badge #173) ("McGuire") as a defendant. *See* Dkt. 43 at 2. The Motion for Leave is agreed in part and opposed in part by Defendants McDonough, Martin, and City of Denton, Texas (collectively, "City Defendants"). *See* Dkt. 47. The City Defendants do not oppose those amendments to the Complaint which dismiss claims against Martin or amend allegations against McDonough. *See* Dkt. 47 at 3. However, the City Defendants oppose adding McGuire as a Defendant. *See* Dkt. 47 at 1–3.

### I. ANALYSIS

Plaintiff seeks leave to amend the Complaint pursuant to Rule 15(c)(1)(C), which would allow the amendment to relate back to the time of filing and overcome the statute of limitations. *See* Dkt. 43 at 3. Plaintiff argues this is the type of "quintessential misidentification for which Rule

15(c)" is intended, because the Denton Police Department incident report (the "Incident Report") on which Plaintiff relied in filing the Complaint identifies only McDonough and Martin, not McGuire. *See id*. at 4; Dkt. 43-2 at 1–2 (identifying McDonough as the "Reporting Officer" and Martin as the "Approving Supervisor").[1] As such, Plaintiff asserts that he relied on the Incident Report when filing suit and had no reason to know that another officer was involved. *See* Dkt. 43 at 3–5.

The statute of limitations has run against McGuire. *See* Dkt. 47 at 3. Accordingly, Plaintiff relies on Rule 15(c) in order for his claim against McGuire to relate back to the time suit was filed.

Rule 15(c)(1) states:

An amendment of a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule (c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Defendants argue Plaintiff cannot satisfy Rule 15(c)(1)(C) because "there is no way to perfect service [against McGuire] within the Rule 4(m) period." *See* Dkt. 47 at 7.

Where a defendant did not receive actual notice, a plaintiff may be able to satisfy the requirements of Rules 15(c) and 4(m) by establishing the defendant had constructive notice. *See,*

---

[1] The Court notes that on page two of the Incident Report, the responding officer is named simply as "an Officer." *See* Dkt. 43-2 at 2.

*for example, Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (citing *Moore v. Long*, 924 F.2d 586, 587 (5th Cir. 1991); *Kirk v. Cronvich*, 629 F.2d 404, 407–08 (5th Cir. 1980)). Plaintiff relies on *Jacobsen* for the proposition that McGuire received constructive notice within the ninety-day period set forth in Rule 4(m). In *Jacobsen*, a plaintiff served suit on the city attorney in a case against a city and police officers. *See Jacobsen*, 133 F.3d at 320. Because the city attorney presumably investigated the allegations, newly-named officers in an amended complaint either "knew or should have known that, but for Jacobsen's mistaken belief that [the originally named officer] was the arresting officer, the action would have been brought against them, therefore satisfying clause B [of Rule 15]." *See Jacobsen v. Osborne*, 133 F.3d at 320–21. As in *Jacobson*, Plaintiff argues that McGuire received constructive notice because McGuire shares an identity of interest with the currently named City Defendants. *See* Dkt. 43 at 5–7. However, unlike the facts in *Jacobsen*, McGuire does not presently share counsel with the City Defendants, has not made an appearance in this matter, and was not employed by the City at the time suit was filed. Indeed, McGuire had not been employed by the City for over a year at the time suit was filed. Accordingly, the awareness of the City Defendants and their counsel of the suit does not satisfy the standard for identity of interest set forth in *Jacobsen*, and thus, the Court cannot infer constructive notice.

At present, there are no facts in the record which support a finding that McGuire received actual notice as required under Rule 15(c). Because there are no grounds herein to find constructive notice, it is Plaintiff's burden to show that McGuire received actual notice within the Rule 4(m) deadline. Given the procedural history in this case, there is a narrow window in which McGuire may have received actual notice after suit was filed and prior to the Rule 4(m) deadline.

While discovery is frequently stayed in Section 1983 cases, the Court notes that the discovery stay and lack of Rule 26(f) disclosures in this case, together with Defendants' strategic

decision to defend this suit without clarifying that McDonough and Martin were incorrectly named (and, indeed, that Martin was not involved in Plaintiff's arrest), contributed to Plaintiff's failure to properly name McGuire in this suit. The Court notes that knowledge of what notice, if any, McGuire received from the City Defendants is likely only known by the City Defendants and McGuire himself. Accordingly, the Court finds Plaintiff is entitled to limited discovery on the issue of notice to McGuire.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff has thirty (30) days to conduct limited expedited discovery regarding what notice, if any, Officer M. McGuire, formerly of Denton Police Department, Badge #173, received regarding this suit. Plaintiff is directed to file a motion for additional time, if needed, to conduct such discovery.

**IT IS FURTHER ORDERED** that Plaintiff shall submit a brief regarding what actual notice, if any, Officer M. McGuire received **by July 8, 2019**.

**IT IS SO ORDERED**.

SIGNED this 23rd day of May, 2019.

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE