# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **MELVIN EARL WILLIAMS, JR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **Civil Action No.: 4:17-cv-00811-ALM-KPJ** |
| **v.** | § | |
| | § | |
| **THE CITY OF DENTON, TEXAS, APRIL** | § | |
| **DAWN MCDONOUGH, KEITH D.** | § | |
| **MARTIN, and DENTON COUNTY, TEXAS,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Melvin Earl Williams, Jr.'s ("Plaintiff") Opposed Motion for Leave to Amend Complaint to Substitute Defendants (the "Motion for Leave") (Dkt. 43). The Motion for Leave seeks to make three significant changes: (1) remove Defendant Keith D. Martin ("Martin") from the suit; (2) amend allegations previously made against April Dawn McDonough ("McDonough"); and (3) add Officer M. McGuire (Badge #173) ("McGuire") as a defendant. *See* Dkt. 43 at 2. The Motion for Leave is agreed in part and opposed in part by Defendants McDonough, Martin, and City of Denton, Texas (collectively, "Defendants"). *See* Dkt. 47. Defendants do not oppose amendments to the Complaint (Dkt. 1) which dismiss all claims against Martin and amend allegations against McDonough. *See* Dkt. 47 at 3. However, Defendants oppose adding McGuire as a defendant. *See* Dkt. 47 at 1–3.

## I.        BACKGROUND

On May 23, 2020, the Court issued a Memorandum Opinion and Order (Dkt. 60) allowing Plaintiff the opportunity to conduct limited discovery regarding what notice, if any, McGuire received regarding this suit. Following a limited deposition of McGuire, Plaintiff filed a

Supplemental Brief Regarding Actual Notice to Malcolm McGuire (Dkt. 80). Defendants filed a Response (Dkt. 81).

As stated in the Court's May 23, 2019, Memorandum Opinion and Order, the statute of limitations has run against McGuire. *See* Dkt. 60 at 2. The Court highlights, however, the circumstances surrounding the running of the statute of limitations. According to the allegations in this case, on November 21, 2015, in the course of arresting Plaintiff, an officer struck Plaintiff with a taser, first in the chest, and second in his left eye (the "Incident"). *See* Dkt. 1 at 5. Plaintiff alleges that after multiple major surgeries and allegedly delayed medical treatment, he is now blind in his left eye. *See id*. at 7.

The Denton Police Department incident report (the "Incident Report") on which Plaintiff relied in filing the Complaint identifies only McDonough and Martin as officers involved in the Incident; however, it inaccurately states the role of Officer McDonough, and inaccurately includes Officer Martin (identifying McDonough as the "Reporting Officer" and Martin as the "Approving Supervisor").[1] *See* Dkt. 43 at 4; Dkt. 43-2 at 1–2. Moreover, the Incident Report fails to identify Officer McGuire at all. *See id.* Plaintiff asserts that he relied on the Incident Report when filing suit and had no reason to know that one identified officer was inaccurately named, another officer's role was inaccurately described, and another officer was not identified. *See* Dkt. 43 at 3–5. Plaintiff contends that he attempted to obtain Denton PD's documentation of the Incident for more than a year prior to filing suit. *See* Dkt. 50 at 2. Indeed, Plaintiff's counsel filed an Open Records Request on March 1, 2016. *See* Dkt. 50-1.

---

[1] The Court notes that on page two of the Incident Report, the responding officer is named simply as "an Officer." *See* Dkt. 43-2 at 2.

Due to Plaintiff's reliance on the Incident Report, Plaintiff did not name the unidentified officer, McGuire, in the Complaint filed on November 19, 2017. *See* Dkt. 1.[2] Instead, in addition to the City of Denton, Texas, and Denton County, Texas, Plaintiff named April Dawn McDonough and Keith D. Martin individually and in their official capacity as Denton police officers. *See id.* at 1.

Five months after the Incident, McGuire resigned from the Denton Police Department on August 26, 2016. *See* Dkt. 47-2. Thus, McGuire was not employed by the City of Denton, Texas, when the Complaint was filed on November 19, 2017. *See* Dkt. 1. Though Defendants were aware of Plaintiff's errors in misidentifying the officer who fired the taser and the supervising officer, as well as Plaintiff's failure to name McGuire, Defendants did not call attention to this fact, not even in any of its pre-answer motions to dismiss.

The timeline of discovery and motions practice is highly significant in this matter because the Federal Rule of Civil Procedure 4(m) deadline to perfect service on McGuire was February 20, 2018. If Plaintiff had named and affected service on McGuire prior to February 20, 2018, the amended complaint would relate back to the date of Plaintiff's original filing, which was within the statute of limitations period for claims Plaintiff seeks to bring against McGuire in his proposed Amended Complaint that is the subject of the Motion for Leave.

---

[2] Defendants argue the identities of the arresting officers were known, or should have been known, by Plaintiff, because they were identified in Plaintiff's plea papers in the underlying criminal case, and Plaintiff confirmed that he had an opportunity to inspect the affidavit of probable cause, the offense report, and body camera video in a Discovery Stipulation signed on April 20, 2016. *See* Dkt. 47 at 4–5; Dkt. 47-1 at 4. Plaintiff argues that the Incident Report was provided by Denton PD, giving him no reason to suspect it was inaccurate. *See* Dkt. 50 at 2. Moreover, Plaintiff contends that only Plaintiff's criminal defense counsel, who is not representing Plaintiff in this suit, signed the Discovery Stipulation (Dkt. 47-1) in the underlying criminal case—not Plaintiff himself. Finally, Plaintiff argues that he has never read the plea papers, was never given a copy of the plea papers, and has never seen a video recording of his arrest in the underlying criminal case. *See id.* at 3. Plaintiff testifies that his counsel in this suit sought discovery, such as the referenced video recording, from the City of Denton; however, the City of Denton refused to provide any discovery. *See* Dkt. 43 at 2; Dkt. 50-2 at 3.

On January 10, 2019, the Court issued an Order and Report and Recommendation regarding Defendants' Motions to Dismiss. *See* Dkt. 40. Addressing the issue of failure to plead with specificity levied by Defendants, the Court noted that "[t]he failure of specificity is no fault of Plaintiff's, however, because he has not yet had the benefit of discovery." *Id.* at 19. The Court ordered that Plaintiff conduct limited discovery and amend his complaint no later than fourteen days after adoption of the Report and Recommendation by the District Judge. *See id.* at 25. No objections were filed, and the District Judge adopted the Report and Recommendation on February 4, 2019. *See* Dkt. 41. Thus, the deadline for Plaintiff to amend his complaint was February 18, 2019.

On February 17, 2019, pursuant to the Courts order for limited discovery and almost exactly one year after the expiration of the Rule 4(m) deadline, nearly three years after Plaintiff's counsel filed the Open Records Request, and one day before Plaintiff's deadline to amend the Complaint, Defendants provided a November 28, 2015, arrest report (the "Arrest Report") to Plaintiff which recites a very different set of crucial and relevant facts regarding the Incident as compared to the Incident Report. *See* Dkt. 43-3. First, the Arrest Report does not identify Martin at all. *See id.* at 2. As previously noted, though a motion to dismiss Martin was filed and briefed on his behalf, no mention was made in the motion or the reply that Martin was not present at the Incident. *See* Dkts. 11, 30. Therefore, February 17, 2019, more than one year after Plaintiff filed suit on November 19, 2017, appears to be the first date Plaintiff became aware that he had mistakenly sued an officer who was not present at the Incident.

Second, the Arrest Report confirms that McDonough was involved in the Incident, noting that McDonough drew her weapon on Plaintiff and was involved in the arrest. *See* Dkt. 43-3 at 2. Though a motion to dismiss McDonough was filed and briefed on her behalf, no mention was

made in the motion or the reply to the motion that McDonough did not fire the taser that struck Plaintiff in his eye, as alleged in the Complaint. *See* Dkts. 16, 29.

Third, the Arrest Report explains that another officer not mentioned in the Incident Report, McGuire, was the officer who actually fired the taser that struck Plaintiff. McGuire allegedly fired his taser twice, with the second shot hitting Plaintiff in his left eye. *See* Dkt. 43-3 at 2–3. As the Arrest Report was the first time Defendants identified McGuire, Plaintiff timely filed the present Motion for Leave the very next day**,** February 18, 2019.

Defendants opposed the Motion for Leave and the Court set a hearing for April 12, 2019. *See* Dkts. 47, 51. Counsel for Defendants McDonough and Martin failed to appear on April 12, 2019, and the hearing was reset for April 25, 2019. *See* Dkt. 54. Following the hearing, the Court ordered limited discovery. *See* Dkt. 56. On May 23, 2019, the Court ordered additional discovery specifically regarding what notice McGuire had received, if any, regarding this suit. *See* Dkt. 60. Plaintiff's counsel reportedly encountered difficulty in locating McGuire for months following the Court's discovery order, finally making contact by phone on October 31, 2019. *See* Dkt. 74-1 at 1. Plaintiff's counsel testified that McGuire agreed to appear at counsel's office on November 4, 2019, to sign an affidavit stating the facts surrounding his knowledge of the lawsuit. *See id.* at 2. Plaintiff's counsel further testified that McGuire did not ultimately appear as agreed on November 4, 2019, and did not respond to Plaintiff's counsel's efforts to reach him. *See id.* On December 9, 2019, the Court granted Plaintiff leave to take McGuire's deposition on or before January 6, 2020. *See* Dkt. 77. After McGuire's deposition was taken on January 6, 2020, the parties filed final briefing on the issues related to the Motion for Leave. *See* Dkts. 80, 81.

## II.    LEGAL STANDARD

Rule 15(a) instructs the court to "freely give leave when justice so requires." FED. R. CIV. P. 15(a). The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp.*, L.P., 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to allow amendment "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III.    ANALYSIS

Nearly all factors for consideration under Rule 15(a) clearly support allowing Plaintiff to amend the Complaint. First, there was no undue delay; the facts indicate that Plaintiff moved to amend at the first opportunity to do so given the challenges of this case, namely, Defendants' asserted motions to dismiss and qualified immunity such that discovery did not move forward until the Court ordered limited discovery. Additionally, Plaintiff, upon receiving a crucial piece of clarifying discovery, moved for leave to amend the very next day, within the deadline set by the Court to request such leave. *See* Dkt. 43.

Second, there is no evidence of bad faith or dilatory motive on Plaintiff's part. The present Motion is Plaintiff's first request to amend and, therefore, the third factor, repeated failure to cure

deficiencies by previous amendments, does not weigh against allowing amendment. The Court, herein, addresses at greater length the two remaining factors: futility of amendment and possible prejudice to Defendants.

As an issue of overarching concern, however, the Court first highlights that it is exceedingly likely that Plaintiff's mistake in identifying the wrong officer and failure to name or serve McGuire in a timely fashion was a direct result of Defendants' failure to disclose the Arrest Report to Plaintiff's counsel, despite counsel's requests, and Defendants' decision not to notify Plaintiff that he had named the wrong officers and failed to name one officer entirely, even in Defendants' Motions to Dismiss, until well after the Rule 4(m) deadline had passed. Additionally, the Court notes that difficulty in obtaining proof of actual notice of the lawsuit to McGuire was exacerbated by Defendants' delay tactics. Namely, McGuire claimed in his deposition that he could not confirm important details regarding notice from events that occurred nearly two years ago. *See* Dkt. 80-1 at 18, 25 [17:18–20, 24:18–20]. Two years before the deposition, the crucial time frame for inquiry regarding McGuire's notice, approximately coincides with Defendants filing motions to dismiss, which requested that discovery be halted and did not explain that Plaintiff had mistakenly sued the wrong officers.

Rule 15(a)(2) states that "the court should freely give leave [to amend] when justice so requires." On these facts alone, the Court would be justified in granting leave to amend. However, additional facts and case law support the finding that Plaintiff has sufficiently demonstrated actual notice supporting leave to amend.

### A. **Futility of Amendment - Notice**

Defendants argue amendment is futile because the statute of limitations has run against

McGuire and Plaintiff cannot demonstrate that McGuire had notice of the suit before the expiration

of the Rule 4(m) service deadline. *See* Dkt. 47 at 6.

Rule 15(c)(1) states:

An amendment of a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule (c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Where a defendant did not receive actual notice, a plaintiff may be able to satisfy the

requirements of Rules 15(c) and 4(m) by establishing that the defendant had constructive notice.

*See for example, Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (citing *Moore v. Long*,

924 F.2d 586, 587 (5th Cir. 1991); *Kirk v. Cronvich*, 629 F.2d 404, 407–08 (5th Cir. 1980)). As

the Court explained in a previous order, Plaintiff has not been able to demonstrate that McGuire

had constructive notice of the suit. *See* Dkt. 60 at 3. Plaintiff argued in the Motion that McGuire

received constructive notice because McGuire shared an "identity of interest" (*see Jacobsen v.

Osborne*, 133 F.3d at 320–21) with the currently named Defendants. *See* Dkt. 43 at 5–7. The Court

found, however, that McGuire did not satisfy the standard for identity of interest because he did

not share counsel with Defendants (though, he was represented by Defendants' counsel at his recent deposition in the case), has not made an appearance in this matter, and was not employed by the City at the time suit was filed. Notably, McGuire had not been employed by the City for over a year at the time suit was filed. Accordingly, the awareness of the Defendants and their counsel of the suit did not allow the Court to infer constructive notice as to McGuire. *See* Dkt. 60 at 2–3.

As Plaintiff was not able to demonstrate that McGuire had constructive notice of the suit, it falls on Plaintiff to demonstrate that McGuire had actual notice. In his deposition, McGuire admitted that he had knowledge of the lawsuit as a result of reading an article online, which was about the lawsuit, when it appeared on his Facebook news feed. *See* Dkt. 80-1 at 25–27 [24:14–26:1]. Though McGuire could not recall the exact date on which he read the article, he confirmed that, in general, updates and news feeds appear on Facebook's news feed when the news is breaking (as opposed to a delay in time). *See id.* at 27 [26:2–19]. Though McGuire could not identify the specific article he viewed, McGuire conceded that he could have read a specific article Plaintiff's counsel showed to McGuire at the deposition, on its date of publishing, January 18, 2018. *See id.* at 18 [17:13–17]; Dkt. 80-3. The article shown to McGuire by Plaintiff (Dkt. 80-3), at the very least, communicates the same substantive information about which McGuire testified that he learned from reading the article. *See* Dkt 80-1 at 25–27 [24:10–19, 25:19–26:1]; Dkt. 80-3.

The Rule 4(m) deadline expired on February 20, 2018. Therefore, if McGuire read the article published on January 18, 2018, or an article communicating the same information within the next month, McGuire had actual notice such that Plaintiff's claims against McGuire can relate back to the time suit was filed, before the statute of limitations expired.

Plaintiff identified the January 18, 2018, article as the only known article that ran covering this lawsuit. *See* Dkt. 80 at 4. Defendants have not presented any additional articles published during the relevant timeframe, but merely contend that a link to an article "can be clicked years later, after being reposted years later." Dkt. 81 at 2–3. McGuire, however, testified that he did not search for the article he read, and did not see it from a reposting; rather, he came across the article while scrolling through his live Facebook news feed. *See* Dkt. 80-1 at 25–26 [24:10–25:1].

It is clear Plaintiff has presented some evidence of actual notice. The only remaining question is whether the evidence is sufficient to permit leave to amend. In *Dodson v. Hillcrest Sec. Corp.*, the Fifth Circuit considered whether a defendant added in an amended complaint received notice within the appropriate period such that the claim could relate back pursuant to Rule 15(c). 95 F.3d 52, at *10 (5th Cir. 1996). Notably, the Fifth Circuit analyzed the issue on a statute of limitations summary judgment argument, as opposed to whether amendment to a complaint should be permitted. *See id.* In commenting on the plaintiff's burden to establish notice, the Fifth Circuit stated that the plaintiff had not "met his burden of presenting <u>some</u> evidence that [the defendant] received notice within the necessary period." *See id.* at *11 (emphasis added).

In a similar case in which the Third Circuit considered whether to allow amendment to correct an error in naming a misidentified police officer after the deadline for notice had expired, the court ruled that the plaintiff failed to make a showing of notice because the record was "bereft of <u>any facts</u> suggesting that [the officer] had actual or imputed notice" of the suit within the relevant time frame. *Walters v. Muglenburg Tp. Police Dept.*, 536 Fed. Appx. 213, 216 (3d Cir. 2013) (emphasis added).

Unlike in *Dodson* and *Walters*, Plaintiff has demonstrated some evidence of actual notice, and in fact, such evidence is substantial enough that if McGuire was to assert the statute of

limitations as an affirmative defense based on a lack of actual notice, absent additional developments in the case, the issue would present a question of fact for a jury to decide. Thus, the Court finds that Plaintiff has met his evidentiary burden as to notice on this record.

### B. Prejudice

Finally, the Court considers the potential prejudice to McGuire in being added as a defendant in this case. As the Third Circuit has elucidated:

> Prejudice and notice are closely intertwined in the context of Rule 15(c)(3), as the amount of prejudice a defendant suffers under 15(c)(3) is a direct effect of the type of notice he receives. *See* 6A Charles A. Wright et al., Federal Practice And Procedure § 1498, at 123 (2d ed. 1990) ("A finding that notice, although informal, is sufficient ... frequently [depends] upon determining whether the party to be added would be prejudiced by allowing relation back under the circumstances of the particular case."). That is, once it is established that the newly named defendant received some sort of notice within the relevant time period, the issue becomes whether that notice was sufficient to allay any prejudice the defendant might have suffered by not being named in the original complaint.

*Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 194 n.3 (3d Cir. 2001).

 Though pending for a great deal of time, in part caused by delays due specifically to the difficulty experienced by Plaintiff in obtaining discovery and the deposition of McGuire, this case is still in its procedural infancy.

McGuire would experience practically no prejudice in being added to this suit. The evidence presented by Plaintiff supports the conclusion that McGuire has long had notice of the suit, regardless of the specific day on which he became aware of it. McGuire, upon addition as a defendant, would even be capable of asserting the specific issue of notice as part of an affirmative defense of statute of limitations should he choose to do so, and will therefore experience no limitation on his opportunity to present his case. Additionally, McGuire testified that the City of Denton conducted an internal investigation and he had substantive discussions with McDonough regarding the Incident shortly after it occurred. *See* Dkt. 80-1 at 12–13 [11:14–12:17]. Finally,

McGuire is now represented by Defendants' counsel, allowing for continuity and accelerated understanding to the proceedings of this case amongst all Defendants.

## IV.    CONCLUSION

All factors considered by the Court support allowing Plaintiff leave to amend its complaint. Upon consideration, therefore, the Opposed Motion for Leave to Amend Complaint to Substitute Defendants (Dkt. 43) is **GRANTED** in its entirety.

**So ORDERED and SIGNED this 10th day of March, 2020.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE